NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3321

JUELITHIA G. ZELLARS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED:   December 6, 2006

_____

Before GAJARSA, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Petitioner, Juelithia G. Zellars, appeals the final judgment of the Merit Systems Protection Board ("Board"), affirming the Department of the Air Force's ("Air Force") non-disciplinary removal of Ms. Zellars from Federal Service.[1]  Because the Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and is supported by substantial evidence, we <u>affirm</u>.

---

[1]  Ms. Zellars' Reply was filed after the deadline.  We are treating this late filing as a motion to extend time under Fed. Cir. R. 26(b) and the motion is granted. Thus, the Reply has been considered in rendering this opinion.

BACKGROUND

Juelithia G. Zellars was employed by the Air Force as an Office Assistant, GS-0318-5, in the Maintenance Engineering Section, Operations Flight, 11th Civil Engineering Squadron, located at Bolling Air Force Base, in Washington, D.C. In a notice of proposed removal dated August 3, 2005, the Air Force proposed Ms. Zellars' removal for "non-availability," indicating that she failed for some time to maintain a regular work schedule and had been absent excessively on an ongoing basis. The proposal notice also indicated that while the absences may have been for medical reasons beyond her control, it was the agency's determination that non-disciplinary removal was warranted due to her inability to keep a regular work schedule. Ms. Zellars did not respond to the proposal notice, and the agency deciding official issued a notice of decision to remove her from her position effective September 9, 2005.

Ms. Zellars appealed her removal to the Board. After an administrative hearing the Administrative Judge ("AJ") issued an Initial Decision affirming the agency's removal action, DC-0752050793-I-1 (M.S.P.B. Jan. 4, 2006). The Board then denied Ms. Zellars' petition for review, and she appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review of Board decisions is limited by statute. The standard of review for Board decisions is governed by 5 U.S.C. § 7703(c) (2000), which allows us to set aside a judgment of the Board only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.

Upon review of the administrative record, the AJ's finding that Ms. Zellars was removable from her position for non-availability is supported by substantial evidence. An agency can bring a removal action against an employee for excessive absences even if the absences are excused because of poor health. Schultz v. United States Navy, 810 F.2d 1133, 1137 n.* (Fed. Cir. 1987). Prolonged absences of an employee with no foreseeable end can provide just cause for removal because it constitutes a burden on the employing agency. Ms. Zellars does not dispute that, before her removal, she was frequently late to work or absent due to various medical conditions.[2] The record as a whole demonstrates that Ms. Zellars had been absent from work for a significant amount of time over a two-year period, and there is no dispute that she lacked the available leave to cover prior absences, much less anticipated future absences had she not been removed. Several memoranda and letters from the Air Force warned that her continued tardiness and absences could result in an adverse action unless she became available for duty on a regular, full-time basis. The documentary evidence and testimony before the AJ also indicate that the position needed to be filled on a regular, full-time basis. Further, Ms. Zellars communicated to the agency before her removal that she was "very sick" and unable to work at that time, and would be on leave without pay until "further notice." Ptr.'s Bd. Memo. 5. On appeal, Ms. Zellars has not demonstrated reversible legal error in the Board's judgment.

---

[2] The record indicates that Ms. Zellars was absent 817 hours, or approximately 40% of the time in the 2004 leave year, and 1013.25 hours or approximately 79% of the time in the 2005 leave year.

We also find no error in the Board's determination that Ms. Zellars has not demonstrated that her removal was a reprisal for a protected act or that there was a nexus between the alleged retaliatory removal and the protected act. Ms. Zellars has not provided sufficient evidence or argument that a Temporary Restraining Order ("TRO") against a co-worker, sought soon after her removal was proposed and months after the alleged incident, constitutes a protected activity with a nexus to the removal action. Thus the retaliation allegation is not supported by substantial evidence and the Board's determination that Ms. Zellers failed to prove retaliation is not arbitrary, capricious, or contrary to the law.

Additionally, Ms. Zellars appeals the Board's judgment that there was no harmful error in the procedures used to decide that she should be removed. To demonstrate that procedural errors rise to the level of harmful errors, Ms. Zellars must demonstrate that a procedural error occurred and that the error caused the agency to reach a conclusion different from the one it would have reached in the absence of error. See 5 C.F.R. § 1201.56(c)(2); 5 U.S.C. § 7701(c)(2)(A). The record indicates that the AJ considered the Air Force's efforts to deliver the notice of proposed removal by certified and regular mail, the affidavit of a manager at the District Heights/Forestville Post Office that described the process by which it sorts and identifies delivery addresses, and evidence regarding the Post Office's delivery attempts at Ms. Zellars' address. The AJ weighed this evidence against Ms. Zellars' statement that she did not receive the notice until after the removal action had been effected and that the letter was incorrectly

addressed.[3] The Board's judgment that there was no harmful error is supported by substantial evidence.

Finally, Ms. Zellars asserts that the AJ failed to consider that the agency refused to allow her to improve her attendance and that the penalty of removal was not reasonable. We find that the record and the testimony of Air Force personnel regarding the agency's weighing of aggravating and mitigating factors against the penalty selection support the Board's judgment that the Air Force's penalty selection was not an abuse of discretion or otherwise arbitrary, capricious, or unreasonable.

For the foregoing reasons, we <u>affirm</u> the Board's judgment.

No costs.

---

[3] The notice of proposed removal letter was addressed to Ms. Zellars' correct street address, District Heights, MD, 20747 and Ms. Zellars claims that it should have been addressed to Forestville, not District Heights. However, the District Heights and Forestville designations are evidently both acceptable for any letter having a zip code of 20747 and since the zip code and street address were correctly listed on the letter, the unrefuted evidence indicates that the city designation should have no bearing on its delivery.